# STATE OF ALASKA

**DEPARTMENT OF FISH AND GAME**

OFFICE OF THE COMMISSIONER

FRANK H. MURKOWSKI, GOVERNOR

P.O. BOX 25526
JUNEAU, AK 99802-5526
PHONE: (907) 465-4100
FAX: (907) 465-2332

USFWS/OSM
ENTERED
AUG 18 2005
3601 C St.; #1030
Anchorage, AK 99503

August 18, 2005

Mr. Mitch Demientieff, Chair
Federal Subsistence Board
Office of Subsistence Management
3601 C Street, Suite 1030
Anchorage, AK 99503

Dear Mr. Demientieff:

As provided for in Subpart B, 36 CFR § 242.20 (DOA); 50 CFR § 100.20, of the Subsistence Management Regulations for Public Lands in Alaska, the Alaska Department of Fish and Game hereby requests that the Federal Subsistence Board reconsider action taken at its May 2005 meeting expanding the Unit 12 Chistochina customary and traditional use determination for moose to include all of Unit 12. The attached Request for Reconsideration details the reasons for our opposition to this new federal regulation as adopted.

I urge the federal board to carefully consider this request and act expeditiously. Thank you for your attention to this important issue.

Sincerely,

McKie Campbell
Commissioner

Enclosure

cc:   Wayne Regelin, Deputy Commissioner, Alaska Department of Fish and Game

Exhibit A
Page 1 of 18

USFWS/OSM ENTERED
AUG 18 2005
3601 C St.; #1030
Anchorage, AK 99503

# REQUEST FOR RECONSIDERATION
## OF FEDERAL SUBSISTENCE BOARD PROPOSAL WP05-21
### By State of Alaska
### August 18, 2005

I. **Introduction.**

The State of Alaska, through the Alaska Department of Fish and Game ("ADF&G") respectfully requests that the Federal Subsistence Board (Board) reconsider its decision of May 3, 2005, on Proposal WP05-21, adopting a final rule expanding the customary and traditional use determination for portions of Unit 12 to include residents of Chistochina. Reconsideration is required because new information, not previously considered by the Board demonstrates that the Board's interpretation of existing information was in error and because in adopting the final rule, "the Board's interpretation of information, applicable law, or regulation [was] in error or contrary to existing law." 36 CFR § 242.20(d); 50 CFR § 100.20(d). Finding customary and traditional use for Chistochina in all of Unit 12, when data presented to the Board clearly showed that historical use was limited to a small portion of Unit 12,[1] is inconsistent with the regulatory definition of customary and traditional use, CFR § 242.4; 50 CFR § 100.4, is inconsistent with the regulatory criteria, including the eight factors for making customary and traditional use determinations, 36 CFR § 242.16; 50 CFR § 100.16, is inconsistent with the Alaska National Interest Lands Conservation Act (ANILCA) definition of "subsistence uses" because subsistence uses are limited to customary and traditional uses, 16 U.S.C. § 3113, and is inconsistent with section 815 of ANILCA, 16 U.S.C. § 3125(3) because it is likely to cause unnecessary restriction of nonsubsistence use. Because the adopted regulation designates hunting in an area as a customary and traditional use when such a designation was not supported on the record, it is arbitrary and capricious. As required by 36 CFR § 242.20(d)(4) and 50 CFR § 100.20(d)(4), a detailed statement follows.

---

[1] The information before the Board was limited to general geographic descriptions in Unit 12; however, subsequent analysis by ADF&G shows that the Board made a customary and traditional use determination for 10,000 square miles when community resource harvest area data demonstrates use of only 206 square miles, and all areas with documented use, including Ahtna historical and cultural sites, could have been easily encompassed in an area of 2,500 square miles.

Exhibit A
Page 2 of 18

REQUEST FOR RECONSIDERATION
OF FEDERAL SUBSISTENCE BOARD PROPOSAL WP05-21
By State of Alaska
August 18, 2005

I. Introduction.

The State of Alaska, through the Alaska Department of Fish and Game ("ADF&G") respectfully requests that the Federal Subsistence Board (Board) reconsider its decision of May 3, 2005, on Proposal WP05-21, adopting a final rule expanding the customary and traditional use determination for portions of Unit 12 to include residents of Chistochina. Reconsideration is required because new information, not previously considered by the Board demonstrates that the Board's interpretation of existing information was in error and because in adopting the final rule, "the Board's interpretation of information, applicable law, or regulation [was] in error or contrary to existing law." 36 CFR § 242.20(d); 50 CFR § 100.20(d). Finding customary and traditional use for Chistochina in all of Unit 12, when data presented to the Board clearly showed that historical use was limited to a small portion of Unit 12,[1] is inconsistent with the regulatory definition of customary and traditional use, CFR § 242.4; 50 CFR § 100.4, is inconsistent with the regulatory criteria, including the eight factors for making customary and traditional use determinations, 36 CFR § 242.16; 50 CFR § 100.16, is inconsistent with the Alaska National Interest Lands Conservation Act (ANILCA) definition of "subsistence uses" because subsistence uses are limited to customary and traditional uses, 16 U.S.C. § 3113, and is inconsistent with section 815 of ANILCA, 16 U.S.C. § 3125(3) because it is likely to cause unnecessary restriction of nonsubsistence use. Because the adopted regulation designates hunting in an area as a customary and traditional use when such a designation was not supported on the record, it is arbitrary and capricious. As required by 36 CFR § 242.20(d)(4) and 50 CFR § 100.20(d)(4), a detailed statement follows.

---

[1] The information before the Board was limited to general geographic descriptions in Unit 12; however, subsequent analysis by ADF&G shows that the Board made a customary and traditional use determination for 10,000 square miles when community resource harvest area data demonstrates use of only 206 square miles, and all areas with documented use, including Ahtna historical and cultural sites, could have been easily encompassed in an area of 2,500 square miles.

## II.  Regulations Challenged.

At its meeting in May 2005, the Board considered Proposal WP05-21, amending the sections of 36 CFR § 242.24 and 50 CFR § 100.24 dealing with Unit 12 moose customary and traditional use determinations as follows:

Unit 12 – Moose
Customary and Traditional Use Determination
(The Areas are labeled A, B, and C for this analysis only)

| | |
|---|---|
| A. Unit 12 — south of a line from Noyes Mountain, southeast of the confluence of Tatschunda Creek to Nabesna River. | Residents of Unit 11 north of 62nd parallel, Unit 12, 13A-D and the residents of Chickaloon, Dot Lake, and Healy Lake. |
| B. Unit 12 — east of the Nabesna River and Nabesna Glacier, south of the Winter Trail from Pickerel Lake to the Canadian Border. | Residents of Unit 12, **Chistochina**, and Healy Lake. |
| C. Unit 12 — remainder | Residents of Unit 12, **Chistochina**, Dot Lake, Healy Lake, and Mentasta Lake. |

During its meeting in May 2005, the Board adopted the proposed amendments without change.

The effect of the regulatory amendments is to provide a federal priority preference for harvest of moose on federal lands within an additional 8,867 square miles of Unit 12 to residents of Chistochina. As a result of this preference, residents of Chistochina are eligible to participate in expanded seasons with less restrictive harvest limitations on all federal lands within Unit 12. Nonlisted rural residents, along with other state users are not eligible to hunt during some of these seasons, and have different harvest restrictions when allowed to hunt. Compare 5 AAC 85.045(10) and 36 CFR § 242.26(n)(12); 50 CFR § 100.26(n)(12). This preference extends to areas of Unit 12 in which, despite extensive studies, there has been no documented history of moose hunting by residents of Chistochina.

Chistochina is a community with approximately 93 residents, located on the Tok Cut-off of the Glenn Highway in Unit 13C very close to the boundary of Unit 11. Prior to the regulatory amendments, Chisotchina residents could already hunt moose on federal lands under federal subsistence regulations in all of Unit 13 (23,368 square miles), all of Unit 11(12,785 square miles), and the portion of Unit 12 labeled A. above (1,333 square miles). Prior to the regulatory amendments, the area in which Chistochina residents had

customary and traditional use determinations for moose totaled 37,286 square miles, the regulatory amendments expanded this area to 46,153 square miles.

As a result of the regulatory change, residents of Chistochina may participate in all moose hunts in Unit 12 as well, including antlered bull federal hunts in the Tetlin National Wildlife Refuge and portions of the Wrangell – St. Elias National Preserve; in much of this area they would be limited by spike fork, 50-inch or 4 brow tine limitation under state law. Compare 5 AAC 85.045(10) and 36 CFR § 242.26(n)(12); 50 CFR § 100.26(n)(12). They may also participate in a federal registration hunt in these areas from November 20 to November 30 while the state season is closed. *Id.*

The expanded hunt area also includes the portion of the Unit 12 east of the Nabesna River and south of the winter trail, running southeast from Pickerel Lake to the Canadian Border, where they may now participate in antlered bull federal hunts where they would be limited by a 50-inch or 4 brow tine limitation under state law. They also are also allowed additional hunting time from August 24 through August 31, before the opening of the state season on September 1.

Also in the northern half of the Unit 12, on federal lands, residents of Chistochina have an expanded federal season from August 15 through August 23, from September 1 through 7, and from September 18 through 30.

These changes can be expected to increase participation, harvest, and competition within the federal subsistence hunts. Increased harvest of animals not eligible for harvest under state regulations may require adjustment of seasons and harvest restrictions under state law and may in the future also lead to further restrictions on federal lands.

As a result of the regulatory change, the customary and traditional use determination for Chistochina in Unit 12 expanded from 1,333 square miles to include all 10,000 square miles in the unit. Most of the 206 square miles of area within Unit 12 where use by residents of Chistochina was shown through household surveys for 1964-1984 were already covered by the prior customary and traditional use determination, and household harvest data indicates that all of the moose harvests from 1991-2002 occurred within the area covered by the prior customary and traditional use determination. All of the Chistochina historical harvest sites in Unit 12, including Ahtna historical and cultural sites, given logical geographical boundaries,[2] would encompass an area of less than 2,500

---

[2]    ADF&G suggests that an appropriate description of a customary and traditional use area for moose in Unit 12, encompassing documented historical and cultural sites, would be:

**Exhibit A**
**Page 5 of 18**

square miles. *Compare* Federal Subsistence Board, Wildlife Meeting Materials 191-194 (May 3-4, 2005) ("Materials") at 188-89, 192-93 *and* Attachments 1-3. Thus, the regulatory changes adopted extend a federal subsistence preference in Unit 12 for Chistochina residents over an area four times larger than the area supported by logical geographical boundaries.

### III. Discussion: The Regulations Are Inconsistent with Subsistence Management Regulations and ANILCA and are Arbitrary.

#### A. New information demonstrates that the Board's interpretation of existing data was in error.

Reconsideration is required because new information not considered by the Board demonstrates that the Board's interpretation of existing data was in error. The information before the Board was limited to general geographic descriptions and map points in Unit 12 and did not include a quantitative analysis of the area involved. Subsequent analysis by ADF&G shows that the Board made a customary and traditional use determination for 10,000 square miles when community resource harvest area data (1964-1984) demonstrates use of only 206 square miles, and all areas with documented use, including Ahtna historical and cultural sites, could have been easily encompassed in an area of 2,500 square miles. ADF&G has developed a geographically logical description, which would include all of the documented use sites and Ahtna cultural and historical sites:

> The portion of Game Management Unit 12 that includes the drainage of the Nabesna River upstream from the mouth of Lick Creek, and the area south of and including the Pickerel Lake Winter Trail from Lick Creek to the Chisana River.

*See* Attachment 2 (Proposed C&T Area); Compare to Materials at 188-89, 192-93. This proposed area, constituting 25 percent of Unit 12, would provide logical boundaries for users and enforcement, while encompassing all the areas in which any support for a customary and traditional use determination for Chistochina was provided to the Board. Thus, the Board's finding that a customary and traditional use determination was

---

> The portion of Game Management Unit 12 that includes the drainage of the Nabesna River upstream from the mouth of Lick Creek, and the area south of and including the Pickerel Lake Winter Trail from Lick Creek to the Chisana River.

*See* Attachments 1, 2, and 3 (C&T Area Calculations, and Maps of Proposed C&T Area).

**Exhibit A**
**Page 6 of 18**