Heather Kendall Miller, ABA #9211084
NATIVE AMERICAN RIGHTS FUND
420 L St., Suite 505
Anchorage, Alaska 99501
(907) 276-0680

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| STATE OF ALASKA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MITCH DEMIENTIEFF, Chairman, | ) | Case No. 06 3:05-CV-00107 (JWS) |
| FEDERAL SUBSISTENCE BOARD, | ) | |
| P. LYNN SCARLETT, Acting | ) | |
| Secretary of the Interior, | ) | |
| MIKE JOHANNS, Secretary of the U.S. | ) | |
| Department of Agriculture | ) | |
| [each in their official capacity] | ) | |
| | ) | |
| Defendants, and | ) | |
| | ) | |
| CHEESH-NA TRIBAL COUNCIL and | ) | |
| LARRY SINYON, | ) | |
| | ) | |
| Applicant-Intervenors. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF
APPLICANT-INTERVENORS' MOTION FOR INTERVENTION**

**INTRODUCTION**

Proposed Intervenors are an Alaska Native rural subsistence user (Larry Sinyon), and a

federally recognized Tribe (Cheesh-Na Tribe).  Larry Sinyon is an upper Ahtna Athabaskan

*State of Alaska v. Demientieff, et al*                         Page 1 of 14
Memorandum in Support of
Applicant-Intervenors' Motion for Intervention

Indian and a member of the Cheesh-Na Tribe.  He and his ancestors have lived a traditional

subsistence lifestyle in the Copper River Valley area since time immemorial.  Larry Sinyon has

hunted moose in Game Management Unit 12 and has a vital, direct and substantial interests in

this action which challenges the customary and traditional use determination for residents of

Chistochina for moose in Game Management Unit 12.

The Cheesh-Na Tribal Council  ("Cheesh-Na") is a federally recognized tribe and has

been duly recognized by the Secretary of the Interior.  See 58 Fed. Reg. 54,364 (Oct. 21, 1993)

(Department of Interior's list of federally-recognized Tribes); 68 Fed. Reg 68,184 (Dec. 5, 2003)

(same).  The Cheesh-Na Tribal Council governs the Village of Chistochina which is located on

the Tok Cutoff of the Glenn Highway, 42 miles northwest of Glennallen.  Cheesh-Na's's tribal

members are Ahtna Indians and rural residents that engage in customary and traditional

subsistence activities.  Under the federal regime established by Title VIII, the residents of

Chistochina have a customary and traditional use determination for subsistence use of moose in

Game Management Unit 12.  As such, Cheesh-Na has vital, direct and substantial interest in this

action which challenges the customary and traditional use determination for residents of

Chistochina for moose in Game Management Unit 12.

No suit could strike more at the heart of the applicants' interests than a suit directed at the

customary and traditional use finding for subsistence uses under Title VIII of the Alaska National

Interest Lands Conservation Act, 16 U.S.C. § 3101, *et seq.* ("ANILCA").  By intervening in this

action as co-defendants, Larry Sinyon and Cheesh-Na Tribal Council seek to defend their

*State of Alaska v. Demientieff*, *et al*                                              Page 2 of 14
Memorandum in Support of
Applicant-Intervenors' Motion for Intervention

statutory right as rural residents to the priority to take moose on federal public lands in Game

Management Unit 12 for subsistence uses under ANILCA.

A close relationship exists between the interests of proposed Intervenors and those of the

United States. The disposition of this action may impair or impede the ability of Intervenors to

protect their subsistence rights, and, in addition, their interests are not adequately represented by

the government. Accordingly, intervention as of right is appropriate under Fed. R. Civ. P.

24(a)(2). Alternatively, the claims of Intervenors and those of the State of Alaska have questions

of law and fact in common. Thus, permissive intervention is appropriate under Fed. R. Civ. P.

24(b). The Court should therefore grant this motion to intervene.

## ARGUMENT

Proposed intervenors are entitled to intervene as a matter of right in this litigation since:

(1) they have a vital interest in assuring that the customary and traditional use determination for

residents of Chistochina for moose in Game Management Unit 12 is upheld; (2) they are so

situated that disposition of the action may as a practical matter impair or impede their ability to

protect that interest; and (3) their interest is not adequately represented by the federal defendants.

Fed. R. Civ. P. 24(a)(2).

### A.    Applicants should be allowed to intervene as of right under Rule 24(a)(2).

Under Rule 24(a)(2) anyone "shall be permitted to intervene in an action" –

when the applicant claims an interest relating to the property or transaction which
is the subject of the action and the applicant is so situated that the disposition of
the action may as a practical matter impair or impede the applicant's ability to
protect that interest, unless the applicant's interest is adequately represented by
existing parties.

*State of Alaska v. Demientieff, et al*                                    Page 3 of 14
Memorandum in Support of
Applicant-Intervenors' Motion for Intervention

Under this Rule, an applicant must establish the following: (1) its motion is timely, (2) it has a cognizable interest in the litigation, (3) without intervention an adverse ruling may impair or impede the ability to protect that interest, and (4) its interest is not being adequately represented by the existing parties. *Sierra Club v. United States EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993); *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 527 (9th Cir. 1983).

"Rule 24(a) traditionally receives liberal construction in favor of applicants for intervention." *Arakaki v. Cayetano*, 324 F.3d 1078 (9th Cir. 2003), quoting *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). Moreover, in evaluating whether the Rule 24(a) requirements are met, courts "are guided primarily by practical and equitable considerations." *Donnelly*, 159 F.3d at 409. In this respect it has been frequently noted that:

> A liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts. By allowing parties with a *practical* interest in the outcome of a particular case to intervene, we often prevent or simplify future litigation involving related issues; at the same time, we allow an additional interested party to express its views before the court.

*United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002) (italics in original) (quoting *Forest Conservation Council v. United States Forest Serv.*, 66 F.3d 1489, 1496 n. 8 (9th Cir. 1995) (quoting *Greene v. United States*, 996 F.2d 973, 980 (9th Cir. 1993) (Reinhardt, J., dissenting)).

Applicants for intervention meet the requirements for intervention as of right. Their motion is timely; they have a legally protected interest that relates to the subject of this action; their interest may as a practical matter be impaired by the outcome of the litigation; and the government is not adequately representing their interests.

*State of Alaska v. Demientieff, et al*                    Page 4 of 14
Memorandum in Support of
Applicant-Intervenors' Motion for Intervention

1.    **This Motion is Timely and Will Serve the Interest of Orderly Administration of Justice.**

Whether a motion to intervene is timely is within the sound discretion of the trial court, to be determined from all the circumstances. *NAACP v. New York*, 413 U.S. 345 (1973). "Timeliness is measured by reference to '(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for the length of the delay.'" *United States v. Carpenter*, 298 F.3d 1122, 1125 (9th Cir. 2002) (quoting *County of Orange v. Air California*, 799 F.2d 535, 537 (9th Cir. 1986). "Mere lapse of time alone is not determinative." *United States v. State of Oregon*, 745 F.2d 550, 552 (9th Cir. 1984), citing CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1916, at 574 (1972).

Applicants' motion to intervene is timely. It has been filed shortly after the case was filed and no proceedings have been scheduled to date. Thus, intervention will not prejudice the existing parties because of the passage of time. While no prejudice to the existing parties will result, the applicants will be significantly prejudiced if intervention is denied. Indeed, their ability to defend their customary and traditional use determination for moose will be severely compromised. They have thus made a "timely application" under Rule 24(a)(2).

2.    **Applicant-Intervenors' Have Substantial Interests in the Transaction Which is the Subject of this Action.**

Under Rule 24(a)(2) applicants must show they have an interest "relating to the property or transaction which is the subject of the action" that is "significantly protectable." *Donaldson v. United States*, 400 U.S. 517, 531 (1971). "Whether an applicant for intervention demonstrates

*State of Alaska v. Demientieff, et al*                                    Page 5 of 14
Memorandum in Support of
Applicant-Intervenors' Motion for Intervention

sufficient interest in an action is a practical, threshold inquiry.  No specific legal or equitable

interest need be established." *Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993) (citing

*Portland Audubon Soc'y v. Hodel*, 866 F.2d 302 (9th Cir. 1989), *cert. denied*, 492 U.S. 911

(1989).  Instead, the interest test is "'primarily a practical guide to disposing of lawsuits by

involving as many apparently concerned persons as is compatible with efficiency and due

process.'" *United States v. City of Los Angeles*, 288 F.3d 391, 398 (9th Cir. 2002) (quoting

*Fresno County v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980).

      In order to establish a protectable interest sufficient to intervene as of right, an intervenor-

applicant must establish (1) "that the interest [asserted] is protectable under some law, and (2)

that there is some relationship between the legally protected interest and claims at issue." *Forest

Conservation Council v. United States Forest Service*, 66 F.3d 1489, 1494 (9th Cir. 1995),

quoting *Sierra Club*, 995 F.2d at 1484.  The relationship requirement is met "if the resolution of

the plaintiffs claims actually will affect the applicant." *Donnelly v. Glickman*, 159 F.3d 405, 409

(9th Cir. 1998).

        **a.**     **Applicants for intervention have a legally protected interest under ANILCA.**

       The subsistence use priority of Title VIII of ANILCA attaches to public lands.

Subsistence uses by rural residents on the public lands is further narrowed by "customary and

traditional" use determinations, which limit subsistence uses of fish stocks or game populations

in a particular location to a specific subgroup of rural residents.   Applicant-intervenors are rural

residents who have a positive customary and traditional use determination for moose in Game

Management Unit 12.  As such, they have a legally protected interest in the subject matter.

*State of Alaska v. Demientieff*, *et al*                                         Page 6 of 14
Memorandum in Support of
Applicant-Intervenors' Motion for Intervention

Alaska's Complaint is a direct attack on Intervenors' customary and traditional use determination for moose in Game Management Unit 12. Since this case challenges Chistochina's customary and traditional use determination of moose in Game Management Unit 12, intervenors clearly have an interest in the subject of this action.

      **b.**      **The relationship between applicant-intervenors' legally protected interest and the claims at issue here.**

In analyzing the relationship of the applicant-intervenors' interest to the claims at issue, it is plain that plaintiff's requested relief, if granted, will have a direct, immediate, and harmful effect upon applicant-intervenors' legally protectable interests. Plaintiff requests this Court to "hold unlawful . . . that portion of defendants' July 22, 2005 rulemaking expanding the customary and traditional use determination for moose for Chistochina residents in Unit 12," (¶ (1) of Plaintiff's Request for Relief, Complaint at pg. 17); plaintiff seeks a declaratory judgement "invalidating the portions of the regulations found at 36 C.F.R. Part 242 and 50 C.F.R. Part 100 that are based on the June 22, 2005, rule expanding the customary and traditional use determination for moose for Chistochina residents in Unit 12", (¶ (2) of Plaintiff's Request for Relief, Complaint at pg. 17); and, plaintiff seeks an injunction prohibiting the defendants from from "applying or otherwise relying upon that portion of the defendants' June 22, 2005, rulemaking expanding the customary and traditional use determination for moose for Chistochina residents in Unit 12", (¶ (3) of Plaintiff's Request for Relief, Complaint at pg. 18).

The claims at issue here directly threaten intervenors' subsistence interests. They will be affected by this litigation since it seeks changes in federal agency rulemaking that directly pertains to them. *See e.g., United States v. City of Los Angeles,* 288 F.3d 391 (9th Cir. 2002)

*State of Alaska v. Demientieff, et al*                                  Page 7 of 14
Memorandum in Support of
Applicant-Intervenors' Motion for Intervention

(Police League had a protectable interest in the merits of the litigation where a negotiated consent

decree between the parties would alter terms of a Memorandum of Understanding between the

Police League and the City); *Sierra Club v. Glickman*, 82 F.3d 106, 109 (5th Cir. 1996) (farm

group had sufficient interest in suit which sought to prevent government agency from expending

funds to, or fulfilling contracts with, farmers); *Conservation Law Found. v. Mosbacher*, 966 F.2d

39, 43 (1st Cir. 1992) (consent decree requiring promulgation of new fishing plan would directly

affect intervening fishing groups because it would require not only a new plan but specifically a

plan to reduce overfishing).  This alone establishes the requisite relationship between the

protectable interest and the subject of the action sufficient to satisfy the requirements of Rule

24(a)(2).

> **3.      This Action May as a Practical Matter Impair or Impede Applicant-Interventors' Ability to Protect Their Interests in Subsistence Fisheries**.

The disposition of the plaintiff's claims against the defendants "may as a practical matter

impair or impede" the applicant-intervenors' ability to protect their interests within the meaning

of Rule 24(a)(2).  Here, they need not establish that their interests will be impaired or impeded as

a legal matter.  Instead, Rule 24(a) states expressly that the applicants for intervention need only

show that their interests *may* be impaired or impeded *as a practical matter*.  "The practical

impairment test is flexible, and its application depends on a pragmatic analysis of the

circumstances of the case."  6 MOORE'S FEDERAL PRACTICE § 24.03[3][a] at 24-38 (3d ed. 2000).

*State of Alaska v. Demientieff, et al*                                          Page 8 of 14
Memorandum in Support of
Applicant-Intervenors' Motion for Intervention

Impairment here follows from the fact that applicant-intervenors' federally protected interests will be directly affected by litigation seeking changes in federal agency rule-making. Applicant-intervenors are so situated that the disposition of the main action will as practical matter impair their ability to protect their own interests. If they are not made party to this action they will have no ability to present their views on the merits formally and no right of appeal. Nor will they have a means to challenge a possible injunction while it remains in effect. *See United States v. Oregon*, 839 F.2d 635, 639 (9th Cir. 1988) (citing Ninth Circuit precedents "recognizing practical limitations on the ability of intervention applicants to protect interests in the subject of the litigation after court-ordered equitable remedies are in place" ) (citations omitted).

Under the circumstances, there can be no dispute that a declaration in favor of plaintiffs will impair applicant-intervenors' interests. Thus, applicants are "so situated that the disposition of the action may as a practical matter impair or impede" their ability to protect their interests under Rule 24(a)(2). *Sierra Club,* 82 F.3d at 1481.

**4.      The Tribes' Interests are not Adequately Represented by the Government.**

The government's representation of Intervenors' interests is inadequate under Rule 24(a)(2). The Ninth Circuit has long recognized that "the requirement of inadequacy of representation is satisfied if the applicant shows that representation of its interests 'may be' inadequate and . . . the burden of making that showing is minimal." *Sagebrush Rebellion, Inc. v. Watt,* 713 F.2d 525, 528 (9th Cir. 1983). In determining adequacy of representation, a court considers "whether the interest of a present party is such that it will undoubtedly make all the Intervenor's arguments; whether the present party is capable and willing to make such

*State of Alaska v. Demientieff*, et al                                      Page 9 of 14
Memorandum in Support of
Applicant-Intervenors' Motion for Intervention

arguments; and whether the intervenor would offer any necessary elements to the proceedings that other parties would neglect." *Forest Conservation Council,* 66 F.3d at 1498-1499.

Although there is a presumption that the government is adequately representing the interests of its citizens, that presumption is minimal and readily overcome where it is shown the government is representing a broader set of interests than that of the intervenors, or where the government has conflicting loyalties that render it a less-than-effective advocate for the intervenors.[1] "The sole effect of the presumption of adequacy of representation by the government is that a somewhat greater showing of inadequacy of representation is required in order to intervene than would otherwise be required." 6 MOORE'S FEDERAL PRACTICE § 24.03 [4][a][iv][B] at 24-49 (3d ed. 2000). "[S]ince the rule is satisfied if there is a serious possibility that the representation may be inadequate, all reasonable doubts should be resolved in favor of allowing the absentee, who has an interest different from that of any existing party, to intervene so that he may be heard in his own behalf." CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY K. KANE, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1909 at 346 (1986).

---

[1]     Similarly, in *Dimond v. District of Columbia*, 792 F.2d 179, 192-93 (D.D.C. 1986), State Farm overcame the presumption of adequate representation by the District of Columbia where State Farm was seeking to protect a narrower and more parochial financial interest not shared by citizens of the District:

> The District would be shirking its duty were it to advance the narrower interest at the expense of its representation of the general public interest . . . Since State Farm's interest cannot be subsumed within the shared interest of its citizens of the District of Columbia, no presumption will exist that the District will adequately represent those interests.

*State of Alaska v. Demientieff, et al*                                        Page 10 of 14
Memorandum in Support of
Applicant-Intervenors' Motion for Intervention

In *Trbovich v. United Mine Workers*, 404 U.S. 528, 538, 92 S.Ct. 630, 636 (1972), the

Court held that intervention was appropriate where the government had a duty to serve two

interests and a question was raised as to the adequacy of its representation.  The Court also noted

that Rule 24's requirement in the government setting is satisfied if the applicant shows that

representation of his interest 'may be' inadequate, with the burden of making that showing

considered "minimal."  *Id*. at n.10.

In the instant case, the government, through the United States Attorney, must defend the

actions of the agencies and in particular, the FSB.  Nevertheless, and as the Ninth Circuit has

noted, the Attorney General's "role is not totally independent of the administration's concerns

and thus, the wishes of the Interior Department are, by no means, wholly irrelevant."  *Sagebrush*

*Rebellion*, 713 F2d. at 529.  Adequate representation of applicant-intervenors' interests is highly

suspect here, where, only recently the Federal Subsistence Board (FSB) has been under intense

pressure from the State of Alaska to revise the federal management program to conform with

State processes.  This pressure has resulted in the FSB capitulating to the demands of plaintiffs –

against the interests of subsistence users *and* during the course of litigation –  to expand the

composition of the Regional Advisory Councils to include quota seats for non-subsistence users.

*See, Safari Club Int'l v. Demientieff*, No. A98-0414-CV (HRH).  In addition, in the course of that

same litigation and due to pressure by plaintiff, the government amended a regulation relevant

*State of Alaska v. Demientieff, et al*                                    Page 11 of 14
Memorandum in Support of
Applicant-Intervenors' Motion for Intervention

here, to provide that Regional Advisory Council recommendations be supported by substantial

evidence.[2]

For all these reasons, it is readily apparent that the Secretaries "may not" be adequate

representatives of Cheesh-na's interests.

**B.      Applicants for intervention should be granted permissive intervention under Rule 24(b)**

In the alternative, the applicants for intervention should be permitted to intervene under

Fed. R. Civ. P. 24(b) since their application is timely and the claims they raise and those raised

by the United States have common questions of law and fact.

An applicant must show that it meets three threshold requirements: "1) it shares a

common question of law or fact with the main action; (2) its motion is timely; and (3) the court

has independent jurisdiction over the applicant's claims." *Donnelly*, 159 F.3d at 412.

The first requirement is met.  Applicants for intervention have claims and defenses that

share common questions of law *and* fact with the main action.

The second prerequisite for permissive intervention is timeliness, again to prevent

prejudice in the adjudication of the rights of the existing parties.  As noted *supra,* the

---

[2]   The following regulation was added May 7, 2002:

> The Regional Council recommendations to the Board should be supported by substantial evidence, be consistent with recognized principles of fish and wildlife conservation, and not be detrimental to the satisfaction of subsistence needs.

67 Fed. Reg. 30568; 50 C.F.R. § 100.11(c) (3) (2002).

*State of Alaska v. Demientieff*, *et al*                                    Page 12 of 14
Memorandum in Support of
Applicant-Intervenors' Motion for Intervention

intervention is unopposed and will not delay or prejudice the rights of existing parties.  Thus,

applicants' motion is timely.

 The third requirement for permissive intervention is that the court has independent

ground for subject matter jurisdiction.  Here, this Court has jurisdiction pursuant to 16 U.S.C. §

3117(a).  Accordingly, the motion to intervene satisfies the requirements for permissive

intervention under Fed. R. Civ. P. 24(b).   Accordingly, the motion to intervene satisfies the

requirements for permissive intervention under  24(b).

## CONCLUSION

For the foregoing reasons, applicants for intervention respectfully request the court to

grant their motion for intervention as of right under Fed. R. Civ. P. 24(a)(2).  In the alternative,

applicants for intervention request the court to grant them permissive intervention under Fed. R.

Civ. P. 24(b).


RESPECTFULLY SUBMITTED this 16th day of May, 2006.


/s/  Heather Kendall Miller
Heather R. Kendall-Miller (AK Bar # 9211084)
NATIVE AMERICAN RIGHTS FUND
420 L Street, Suite 505
Anchorage, Alaska 99501
Tel:  (907) 276-0680
Fax: (907) 276-2466
Email: kendall@narf.org

Attorney for Cheesh-Na Tribal Council
and Larry Sinyon


*State of Alaska v. Demientieff*, *et al*                                              Page 13 of 14
Memorandum in Support of
Applicant-Intervenors' Motion for Intervention

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 16, 2006, a copy of foregoing Applicant-Intervenors' Memorandum in Support of Applicant-Intervenors' Motion for Intervention was served electronically on

Steven A. Daugherty (steven_daugherty@law.state.ak.us)

Dean Dunsmore (Dean.Dunsmore@usdoj.gov)


/s/  Heather Kendall Miller

*State of Alaska v. Demientieff*, *et al*                                          Page 14 of 14
Memorandum in Support of
Applicant-Intervenors' Motion for Intervention