DEAN K. DUNSMORE
U.S. Department of Justice
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska  99501-3657
Telephone:(907) 271-5452
Facsimile:(907) 271-5827
Email: dean.dunsmore@usdoj.gov

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

STATE OF ALASKA                  )
                                 ) CASE NO. 3:06-cv-00107-JWS
         Plaintiffs,             )
                                 )
     v.                          )
                                 )
MITCH DEMIENTIEFF, Chairman,     )
FEDERAL SUBSISTENCE BOARD,       )
DIRK KEMPTHORNE, Secretary       )
of the Interior, MIKE JOHANNS,   )
Secretary of the U.S.            )        ANSWER
Department of Agriculture,       )
[each in their official capacity] )
                                 )
         Defendants.             )
─────────────────────────────── )

     Defendants Mitch Demientieff, Chairman, Federal Subsistence

Board; Dirk Kempthorne, Secretary of the Interior;[1] and Mike

Johanns, Secretary of Agriculture, in response to the Complaint

for Declaratory and Injunctive Relief (Docket Entry No. 1) and

hereinafter referred to as Complaint do allege and state:

───────────────────

[1]     Substituted pursuant to Fed. R. Civ. P. 25(d) for the former
Acting Secretary of the Interior, P. Lynn Scarlett.

1. The allegations of paragraph 1 of the Complaint constitute a description of plaintiff's action and are not factual allegations to which a response is required.

2. The allegations of the first sentence of paragraph 2 of the Complaint are admitted. The allegations of the second, third, and fourth sentences of paragraph 2 constitute conclusions of law and are not factual allegations to which a response is required.

3. The allegations of paragraph 3 of the Complaint are admitted.

4. The allegations of paragraph 4 of the Complaint are denied. Dirk Kempthorne is the Secretary of the Interior and is substituted by operation of Fed. R. Civ. P. 25(d) for the former Acting Secretary of the Interior, P. Lynn Scarlett.

5. The allegations of paragraph 5 of the Complaint are denied.

6. The allegations of paragraph 6 of the Complaint constitute a conclusion of law and are not factual allegations to which a response is required.

7. The allegations of the first sentence of paragraph 7 of the Complaint constitute a description of plaintiff's action and are not factual allegations to which a response is required. In response to the allegations of the second and third sentences of paragraph 7, it is admitted that evidence available to the Federal Subsistence Board at the time of its decision indicated

that residents of Chistochina historically used certain portions
of Game Management Unit 12 for moose hunting, and except as so
admitted defendants are without knowledge or information
sufficient to form a belief as to the truth of the remaining
averments of the second and third sentences. In response to the
allegations of the fourth sentence of paragraph 7, it is admitted
that the State asked the Board to reconsider its decision
expanding the customary and traditional use determination for
Chistochina to include all of Unit 12. Except as admitted in this
paragraph, the allegations of paragraph 7 of the Complaint are
denied.

8. The allegations of paragraph 8 of the Complaint are
denied.

9. In response to the allegations of paragraph 9 of the
Complaint it is admitted that the State's request for
reconsideration was rejected on August 18, 2005, and it is
admitted that the request was timely.

10. In response to the allegations of paragraph 10 of the
Complaint, it is admitted that the Alaska National Interest lands
Conservation Act (ANILCA) was enacted as the Act of December 2,
1980, Pub. L. No. 96-487, 94 Stat. 2371, and that a portion of
ANILCA is codified commencing at 16 U.S.C. § 3101.

11. The allegations of paragraph 11 of the Complaint are
plaintiff's description of provisions of 16 U.S.C. §§ 3111-3112,

which statute is the best evidence of its own content, and are not factual allegations to which a response is required.

12. The allegations of paragraph 12 of the Complaint are plaintiff's description of provisions of 16 U.S.C. § 3113 which statute is the best evidence of its own content, and are not factual allegations to which a response is required.

13. The allegations of paragraph 13 of the Complaint are denied.

14. The allegations of paragraph 14 of the Complaint are plaintiff's description of provisions of 50 C.F.R. § 100.4 and 36 C.F.R. § 242.4, which regulations are the best evidence of their own content, and are not factual allegations to which a response is required.

15. The allegations of paragraph 15 of the Complaint are a conclusion of law and plaintiff's description of provisions of 50 C.F.R. § 100.4 and 36 C.F.R. § 242.4, which regulations are the best evidence of their own content, and are not factual allegations to which a response is required.

16. The allegations of paragraph 16 of the Complaint constitute a conclusion of law and are not factual allegations to which a response is required.

17. The allegations of paragraph 17 of the Complaint constitute a conclusion of law and are not factual allegations to which a response is required. The provisions of 16 U.S.C. § 3112

are a statement of policy only and not substantive law.

18. The allegations of paragraph 18 of the Complaint are a selected and partial quotation from 16 U.S.C. § 3125, which statute is the best evidence of its own content, and are not factual allegations to which a response is required.

19.  The allegations of paragraph 19 of the Complaint constitute conclusions of law and are not factual allegations to which a response is required.

20. In response to the allegations of the first sentence of paragraph 20 of the Complaint, it is admitted that through 1989 the State of Alaska generally administered a program for a subsistence use priority that the Department of the Interior had found to be consistent with the requirements of Title VIII of ANILCA, 16 U.S.C. §§ 3111-3126. In response to the allegations of the second sentence of paragraph 20, it is admitted that the Alaska Supreme Court held in *McDowell v. State of Alaska*, 785 P.2d 1 (1989), that the State's subsistence program violated provisions of the Alaska Constitution. In response to the allegations of the third sentence of paragraph 20, it is admitted that as a result of the decision in *McDowell v. State of Alaska*, the Secretaries of the Interior and Agriculture were required to commence implementation of the requirements of Title VIII of ANILCA. In response to the allegations of the fourth sentence of paragraph 20, it is admitted that the State administers on non-

federally owned lands a program it claims constitutes a subsistence preference. Except as admitted in this paragraph, the allegations of paragraph 20 of the Complaint are denied.

21. The allegations of paragraph 21 of the Complaint constitute a selected, argumentative, and partial quotation from the decision in *Ninilchik Traditional Council v. United States,* 227 F.2d 1186, 1192 (9th Cir. 2000), which decision is evidence of its own content, and are not factual allegations to which a response is required.

22. The allegations of paragraph 22 of the Complaint are admitted.

23. In response to the allegations of the first and second sentences of paragraph 23 of the Complaint, it is admitted that in the Federal implementation of the requirements of Title VIII of ANILCA, generally, but not always, makes use of the State established boundaries of the Game Management Units or subunits thereof. The allegations of the third sentence of paragraph 23 constitute a conclusion of law and are not factual allegations to which a response is required.

24. In response to the allegations of paragraph 24 of the Complaint, it is admitted that State Game Management Unit 12 is not divided into subunits. The allegations pertaining to 5 ACC 85.045(10) are plaintiff's characterization of regulations which regulations are evidence of their own content and are not factual

allegations to which a response is required.

25. In response to the allegations of paragraph 25 of the Complaint, it is admitted that the Federal regulations implementing Title VIII of ANILCA do not sub-divide State Game Management Unit 12 into subunits. The remainder of the allegations of paragraph 25 are plaintiff's characterization of regulations which regulations are evidence of their own content and are not factual allegations to which a response is required.

26. The allegations of paragraph 26 of the Complaint are plaintiff's description of provisions of 16 U.S.C. § 3115, which statute is the best evidence of its own content, and are not factual allegations to which a response is required.

27. The allegations of paragraph 27 of the Complaint are a selected and partial quotation from 16 U.S.C. § 3202, which statute is the best evidence of its own content, and are not factual allegations to which a response is required.

28. The allegations of paragraph 28 of the Complaint are conclusions of law, and are not factual allegations to which a response is required.

29. The allegations of paragraph 29 of the Complaint are admitted.

30. The allegations of paragraph 30 of the Complaint are admitted.

31. The allegations of paragraph 31 of the Complaint are

admitted.

32. In response to the allegations of paragraph 32 of the
Complaint, it is admitted that State Game Management Unit 12 as
established by the State includes within its boundaries public
lands that include lands within the boundaries of the Wrangell-
St. Elias National Park and Preserve and the Tetlin National
Wildlife Refuge, and other isolated parcels and some allotments
pursuant to the Alaska Native Allotment Act, 43 U.S.C. §§ 270-1
thru 270-3 (1970). Except as admitted in this paragraph, the
allegations of paragraph 32 of the Complaint are denied.

33. The allegations of paragraph 33 of the Complaint are
admitted.

34. In response to the allegations of paragraph 34 of the
Complaint, it is admitted that the Federal Subsistence Board
(hereinafter referred to as "the Board") adopted proposal WP05-21
at its May 2005 meeting and that this adoption was published on
June 22, 2005, in 70 Federal Register 36268, and that this
publication is evidence of the content of this proposal as so
adopted.

35. In response to the allegations of paragraph 35 of the
Complaint, it is admitted that the State of Alaska provided both
written and oral comments to proposal WP05-21, and that these
comments which are part of the administrative record before the
Board are the best evidence of their own content rather than

plaintiff's characterization thereof. Except as admitted in this paragraph, the allegations of paragraph 35 are denied.

36. The allegations of paragraph 36 of the Complaint constitute plaintiff's characterization of the federal staff analysis of proposal WP05-21, which analysis is the best evidence of its own content and are not factual allegations to which a response is required. To the extent the allegations of paragraph 36 might be deemed to be factual, they are denied.

37. The allegations of paragraph 37 of the Complaint constitute plaintiff's interpretation of harvest data supplied by the plaintiff, which data is the best evidence of its own content, and are not factual allegations to which a response is required. To the extent the allegations of paragraph 37 are deemed to be factual, they are denied.

38. The allegations of paragraph 38 of the Complaint constitute plaintiff's interpretation of harvest data which data is the best evidence of its own content, and are not factual allegations to which a response is required. To the extent the allegations of paragraph 38 are deemed to be factual, they are denied.

39. The allegations of paragraph 39 of the Complaint are denied.

40. The allegations of paragraph 40 of the Complaint are denied.

41. The allegations of paragraph 41 of the Complaint are plaintiff's characterization and interpretation of proceedings and information before the Eastern Interior Subsistence Regional Advisory Council which proceedings are the best evidence of their own content, and are not factual allegations to which a response is required. It is admitted, however, that the Eastern Interior Subsistence Regional Advisory Council discussed proposal WP05-21 and heard comments on that proposal from the ADF&G that included a declaration of the State's neutral position on the proposal tempered by concerns about the geographic scope of the proposal. It is also admitted that the Eastern Interior Subsistence Regional Advisory Council made a recommendation to the Board in support of the proposal based, in part, on input from the Ahtna Subsistence Committee declaring that the Ahtna people (including residents of Chistochina) have customarily and traditionally used Game Management Unit 12 to hunt moose and other wildlife. Except as admitted in this paragraph, the allegations of paragraph 41 of the Complaint are denied.

42. The allegations of paragraph 42 of the Complaint are plaintiff's characterization and interpretation of proceedings and information before the Eastern Interior Subsistence Regional Advisory Council which proceedings are the best evidence of their own content, and are not factual allegations to which a response is required. It is admitted, however, that the Eastern Interior

Subsistence Regional Advisory Council discussed proposal WP05-21
and heard comments on that proposal from the ADF&G that included
a declaration of the State's neutral position on the proposal
tempered by concerns about the geographic scope of the proposal.
It is also admitted that the Eastern Interior Subsistence
Regional Advisory Council made a recommendation to the Federal
Subsistence Board in support of the proposal based, in part, on
input from the Ahtna Subsistence Committee declaring that the
Ahtna people (including residents of Chistochina) have
customarily and traditionally used Game Management Unit 12 to
hunt moose and other wildlife. Except as admitted in this
paragraph, the allegations of paragraph 42 of the Complaint are
denied.

     43. The allegations of the first sentence of paragraph 43 of
the Complaint are denied. In response to the allegations of the
second sentence of paragraph 43, it is admitted that there are
lands within Game Management Unit 12 for which allotments have
been filed pursuant to the Alaska Native Allotment Act, 43 U.S.C.
§ 270-1 through 270-3 (1970), and which remain Federal lands
until a Certificate of Allotment is issued for those lands, but
after issuance of the certificate, the lands are no longer
Federal lands. The allegations of the third sentence of paragraph
43 are a conclusion of law and are not factual allegations to
which a response is required. Except as admitted in this

paragraph, the allegations of paragraph 43 of the Complaint are denied.

44. The allegations of paragraph 44 of the Complaint are admitted

45. The allegations of paragraph 45 of the Complaint are plaintiff's characterization of a report and comments by the Interagency Staff Committee, which report and comments appear in the administrative record pertaining to proposal WP05-21, and is the best evidence of their own content, and are not factual allegations to which a response is required. To the extent the allegations of paragraph 45 might be deemed to be factual, they are denied.

46. The allegations of paragraph 46 of the Complaint constitute plaintiff's interpretation and characterization of harvest data which data is the best evidence of its own content, and are not factual allegations to which a response is required. To the extent the allegations of paragraph 46 are deemed to be factual, they are denied.

47. The allegations of paragraph 47 of the Complaint constitute plaintiff's interpretation and characterization of harvest data which data is the best evidence of its own content, and are not factual allegations to which a response is required. To the extent the allegations of paragraph 47 are deemed to be factual, they are denied.

48. The allegations of paragraph 48 of the Complaint are denied.

49. The allegations of the first sentence of paragraph 49 of the Complaint are denied. The allegations of the second sentence of paragraph 49 constitute a conclusion of law and are not a factual allegations to which a response is required.

50.  The allegations of paragraph 50 of the Complaint are admitted.

51. The allegations of paragraph 51 of the Complaint are denied.

52. The allegations of paragraph 52 of the Complaint are plaintiff's characterization of its request for reconsideration of the adoption of proposal WP05-21, which request is in the administrative record of proposal WP05-21 and is the best evidence of its own content and speaks for itself, and are not factual allegations to which a response is required. To the extent the allegations of paragraph 52 might be deemed to be factual, they are denied.

53. Defendants are without knowledge or information sufficient to form a belief as to truth of the averments of paragraph 53 of the Complaint.

54. The allegations of paragraph 54 of the Complaint are admitted.

55. The allegations of paragraph 55 of the Complaint are

admitted.

56. The allegations of paragraph 56 of the Complaint are admitted.

57. Defendants are without knowledge or information sufficient to form a belief as to truth of the averments of paragraph 57 of the Complaint.

58. The allegations of paragraph 58 of the Complaint constitute plaintiff's speculation as to future actions and results and are not factual allegations to which a response is required. To the extent the allegations of paragraph 58 might be deemed to be factual, Defendants are without knowledge or information sufficient to form a belief as to truth of the averments of paragraph 58 of the Complaint.

59. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of the first sentence of paragraph 59 of the Complaint. The allegations of the second sentence of paragraph 59 of the Complaint are admitted; nevertheless, the State's regulations authorize the taking of moose within this area.

60. The allegations of paragraph 60 of the Complaint constitute plaintiff's speculation as to future actions and results and are not factual allegations to which a response is required. To the extent the allegations of paragraph 58 might be deemed to be factual, Defendants are without knowledge or

information sufficient to form a belief as to truth of the averments of paragraph 60 of the Complaint.

61. In response to the allegations of paragraph 61 of the Complaint, defendants incorporate by reference herein paragraphs 1 through and including 60 above.

62. The allegations of paragraph 62 of the Complaint are denied.

63. In response to the allegations of paragraph 63 of the Complaint, defendants incorporate by reference herein paragraphs 1 through and including 62 above.

64. The allegations of paragraph 64 of the Complaint are denied.

65. Except as admitted in paragraphs 1 through and including 64 above, the allegations of the Complaint are denied.

AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. To the extent plaintiffs raise issues or claims in this action which were not previously presented to the agency, those issues or claims are barred by reason of the failure to exhaust administrative remedies.

3. To the extent plaintiffs present to the Court any issue or contention which is now contrary to any position taken by plaintiffs in the administrative proceedings, plaintiffs have waived the right to present of any such issue, contention or claim.

DATED this 10th day of July, 2006 at Anchorage, Alaska.


/s/ Dean K. Dunsmore
DEAN K. DUNSMORE
U.S. Department of Justice
Environment & Natural Resources
 Division
801 B Street, Suite 504
Anchorage, Alaska  99501-3657
Telephone:(907) 271-5452
Facsimile:(907) 271-5827
Email: dean.dunsmore@usdoj.gov

Attorney for Defendants




CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of July, 2006 a copy of the foregoing ANSWER was served electronically to:

Steven A. Daugherty
Heather Kendall Miller


/s/ Dean K. Dunsmore
DEAN K. DUNSMORE