Heather Kendall Miller, ABA #9211084
NATIVE AMERICAN RIGHTS FUND
420 L St., Suite 505
Anchorage, Alaska 99501
Telephone:  (907) 276-0680
Facsimile: (907) 276-2466
Email: kendall@narf.org

Attorney for Intervenors

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| STATE OF ALASKA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MITCH DEMIENTIEFF, Chairman, | ) | Case No. 3:06-CV-00107 (JWS) |
| FEDERAL SUBSISTENCE BOARD, | ) | |
| DIRK KEMPTHORNE, | ) | |
| Secretary of the Interior, | ) | |
| MIKE JOHANNS, Secretary of the U.S. | ) | |
| Department of Agriculture | ) | |
| [each in their official capacity], | ) | |
| | ) | |
| Defendants, and | ) | |
| | ) | |
| CHEESH-NA TRIBAL COUNCIL and | ) | |
| LARRY SINYON, | ) | |
| | ) | |
| Defendant-Intervenors. | ) | |
| | ) | |
| | ) | |

**INTERVENORS' ANSWER**

Defendant-Intervenors (hereinafter "Intervenors"), Cheesh-Na Tribal Council and Larry

Sinyon answer the Complaint (Docket Entry No. 1) filed May 9, 2006 as follows:

1. Intervenors deny that this case arises under the Alaska National Interest Lands Conservation Act of 1980, Title 16 U.S.C. § 3101 *et seq.* but admit that plaintiff's complaint arises under the Administrative Procedure Act, Title 5 U.S.C. § 702 .

2. Intervenors admit the first and second sentences of paragraph 2 of the Complaint. The allegations in sentences three and four of paragraph 2 of the Complaint are characterizations of the Alaska Constitution which is the best evidence of its own content, and which are not factual allegations to which a response is required.

3. The allegations of paragraph 3 of the Complaint are admitted.

4. The allegations of paragraph 4 of the Complaint are denied. Dirk Kempthorne is the Secretary of the Interior and is substituted by operation of Fed. R. Civ. P. 25(d) for the former Acting Secretary of the Interior, P. Lynn Scarlett.

5. The allegations of paragraph 5 of the Complaint are denied.

6. The allegations of paragraph 6 of the Complaint constitute a conclusion of law and are not factual allegations to which a response is required.

7. Intervenors admit that plaintiffs have filed a civil action. The allegations of the first and second sentences of paragraph 7 of the Complaint are denied. Intervenors admit the allegations in the fourth sentence of paragraph 7 of the Complaint.

8. The allegations of paragraph 8 of the Complaint are denied.

9. The allegations of paragraph 9 of the Complaint are admitted.

10. The allegations of paragraph 10 of the Complaint are admitted.

11. The allegations of paragraph 11 of the Complaint are a characterization of sections 801 and 802 of Title VIII of ANILCA (16 U.S.C. § 3111-3112), which is evidence of its own content, and which are not factual allegations to which a response is required.

12. The allegations of paragraph 12 of the Complaint are a characterization of section 803 of Title VIII of ANILCA (16 U.S.C.§ 3113), which is evidence of its own content and not factual allegations to which a response is required.

13. The allegations of paragraph 13 of the Complaint are denied.

14. The allegations of paragraph 14 of the Complaint are a characterization 50 C.F.R. § 100.4 and 36 C.F.R. § 242.4 which are evidence of their own content and not factual allegations to which a response is required.

15. The allegations of paragraph 15 of the Complaint are a characterization 50 C.F.R. § 100.16(a) and 36 C.F.R. § 242.16(a) which are evidence of their own content and not factual allegations to which a response is required.

16. The allegations of paragraph 16 of the Complaint are a characterization 50 C.F.R. § 100.16(b) and 36 C.F.R. § 242.16(b) which are evidence of their own content and not factual allegations to which a response is required.

17. The allegations of paragraph 17 of the Complaint are a characterization of section 802 of Title VIII of ANILCA (16 U.S.C. § 3112), which is evidence of its own content and not factual allegations to which a response is required.

18. The allegations of paragraph 18 of the Complaint are a characterization of section 815 of Title VIII of ANILCA (16 U.S.C. § 3125), which is evidence of its own content and not factual allegations to which a response is required.

19. The allegations of paragraph 19 of the Complaint are a characterization and summary of Title VIII of ANILCA which is the best evidence of its own content, and which allegations are not factual allegations to which a response is required.

20. The allegations of paragraph 20 of the Complaint are admitted.

21. The allegations of paragraph 21 of the Complaint are a characterization of *Ninilchik Traditional Council v. United States*, 227 F.3d 1186, 1192 (9th Cir. 2000), which is the best evidence of its own content, and which allegations are not factual allegations to which a response is required.

22. The allegations of paragraph 22 of the Complaint are admitted.

23. The allegations of paragraph 23 of the Complaint are admitted.

24. The allegations of paragraph 24 of the Complaint are a characterization of 5 AAC 85.045 (10) which is evidence of its own content and not factual allegations to which a response is required.

25. The allegations of paragraph 25 of the Complaint are a characterization and summary of 70 Fed. Reg. 36268, 36294-95 (June 22, 2005) and 70 Fed. Reg. 36268, 36273 (June 22, 2005) which are evidence of their own content and not factual allegations to which a response is required.

26. The allegations of paragraph 26 of the Complaint are a characterization of section 805 of ANILCA (16 U.S.C. § 3115) which is evidence of its own content and not factual allegations to which a response is required.

27. The allegations of paragraph 27 of the Complaint are a characterization and summary of section 1314 of ANILCA (16 U.S.C. § 3202) which is evidence of its own content and not factual allegations to which a response is required.

28. The allegation of paragraph 28 of the Complaint is a characterization of section 815 of ANILCA (16 U.S.C. § 3115) which is evidence of its own content and not factual allegations to which a response is required.

29. The allegations of paragraph 29 of the Complaint are admitted.

30. The allegation in the first sentence of paragraph 30 of the Complaint is admitted. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the averments of the last sentence of paragraph 30 of the Complaint.

31. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 31 of the Complaint.

32. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 32 of the Complaint.

33. The allegations of paragraph 33 of the Complaint are admitted.

34. The allegations of paragraph 34 of the Complaint are admitted.

35. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 35 of the Complaint.

36. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 36 of the Complaint.

37. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 37 of the Complaint.

38. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 38 of the Complaint.

39. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 39 of the Complaint.

40. The allegations of paragraph 40 of the Complaint are denied.

41. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 41 of the Complaint.

42. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 42 of the Complaint.

43. The allegations in sentence one of paragraph 43 of the Complaint are denied. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the averments of sentence two of paragraph 43 of the Complaint. Sentence three of paragraph 43 of the Complaint is a characterization of ANILCA which is evidence of its own content and not factual allegations to which a response is required.

44. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 44 of the Complaint.

45. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 45 of the Complaint.

46. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 46 of the Complaint.

47. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 47 of the Complaint.

48. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 48 of the Complaint.

49. Intervenors deny the allegations in paragraph 49 of the Complaint.

50. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 50 of the Complaint.

51. Intervenors deny the allegations in paragraph 51 of the Complaint.

52. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the averments of sentences one and two of paragraph 52 of the Complaint. The allegations in sentence three of paragraph 52 of the Complaint are denied.

53. The allegations in paragraph 53 of the Complaint are admitted.

54. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 54 of the Complaint.

55. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 55 of the Complaint.

56. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 56 of the Complaint.

57. The allegations in paragraph 57 of the Complaint are denied.

58. The allegations in paragraph 58 of the Complaint are denied.

59. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 59 of the Complaint.

60. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 60 of the Complaint.

61. Paragraphs 1-60 of this answer are hereby incorporated by reference.

62. The allegations in paragraph 62 of the Complaint are denied.

63. Paragraphs 1-62 of this answer are hereby incorporated by reference.

64. The allegations in paragraph 64 of the Complaint are denied.

Wherefore, defendant-intervenors pray that plaintiff's complaint be dismissed with prejudice and that defendant-intervenors be awarded their attorneys fees and such other and further relief to which they may be entitled.

## AFFIRMATIVE DEFENSES

1. The State of Alaska has failed to exhaust administrative remedies.

2. The State of Alaska has failed to state a claim upon which relief can be granted.

RESPECTFULLY SUBMITTED this 12th day of July, 2006.

/s/ Heather Kendall Miller
Heather R. Kendall-Miller (AK Bar # 9211084)
NATIVE AMERICAN RIGHTS FUND
420 L Street, Suite 505
Anchorage, Alaska 99501
Tel: (907) 276-0680
Fax: (907) 276-2466
Email: kendall@narf.org

Attorney for Cheesh-Na Tribal Council and Larry Sinyon

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 12, 2006, a copy of foregoing Intervenors' Answer of the Defendant-Intervenors was served electronically on

Steven A. Daugherty (steven_daugherty@law.state.ak.us)

Dean Dunsmore (Dean.Dunsmore@usdoj.gov)

/s/ Heather Kendall Miller