DAVID W. MÁRQUEZ
ATTORNEY GENERAL

Steven A. Daugherty
Assistant Attorney General
1031 W. 4th Avenue, Suite 200
Anchorage, Alaska 99501
Ph: (907) 269-5232
Fax: (907) 279-2834
Email: steven_daugherty@law.state.ak.us

Counsel for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA, ) | |
| ) | Case No. 3:06-cv-00107-HRH |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| RON MCCOY,[1] Acting Chairman, ) | |
| FEDERAL SUBSISTENCE BOARD, ) | |
| DIRK KEMPTHORNE, ) | |
| Secretary of the Interior, ) | |
| MIKE JOHANNS, Secretary of the U.S. ) | |
| Department of Agriculture, ) | |
| [each in their official capacity] ) | |
| ) | **SCHEDULING AND PLANNING** |
| Defendants. ) | **CONFERENCE REPORT** |
| ) | |

1.  **Meeting**. In accordance with this Court's Order for a meeting under F.R.Civ.P. 26(f), a telephonic meeting was held on August 11, 2006 and was attended by:

    Steven A. Daugherty   attorney for plaintiff State of Alaska

---

[1] Ron McCoy is automatically substituted for Mitch Demientieff pursuant to FRCP 25(d).

| | |
|---|---|
| Dean K. Dunsmore | attorney for defendants Ron McCoy, Chairman Federal Subsistence Board, Dirk Kempthorne, Secretary of Interior, and Mike Johanns, Secretary of the U.S. Department of Agriculture. |
| Heather R. Kendall-Miller | attorney for intervener defendants Cheesh-Na Tribal Council and Larry Sinyon |

The parties recommend the following:

2.  **Pre-Discovery Disclosures**.

The parties do not anticipate any pre-discovery disclosures as this is an administrative review case.

Preliminary Witness lists are not anticipated to be necessary at this time since this action will be reviewed on the administrative record.

3.  **Contested Issues of Fact and Law**.  Preliminarily, the parties expect the following issues of fact and/or law to be presented to the court pursuant to D. Ak. LR 16.3 in the briefs of the parties in this matter:

   Plaintiff contends that the main issue in this case is whether under ANILCA, the APA, and federal regulations, a customary and traditional use determination may be made for an area in which the administrative record shows no substantial evidence of use or whether such a determination must be limited to the areas where such evidence of use is present in the administrative record.

Specifically Plaintiff contends that under section 803 of ANILCA, "subsistence uses" are limited to "customary and traditional uses," that the term "customary and traditional use" is defined by regulation at 50 C.F.R 100.4, that procedures for making "customary and traditional use" determinations are established at 50 C.F.R 100.16, and that Federal Defendants are precluded under section 815 of ANILCA from adopting regulations likely to cause unnecessary restrictions on nonsubsistence users.   Plaintiff further contends that the administrative record shows that with regard to the Chistochina Moose Unit 12 customary and traditional use determination, published at 70 Fed. Reg. 36274 (June 22, 2005), the Federal Defendants acted arbitrarily and capriciously and in violation of statute and regulation, by providing a preference for uses that are not "subsistence use" by making a customary and traditional use determination for all 10,000 square miles of Unit 12 based on a record that contained substantial evidence of such use for no more than 25 percent of the Unit, and that by unnecessarily expanding the customary and traditional use determination Federal Defendants violated the ANILCA section 815 prohibition on unnecessary restriction of nonsubsistence uses.

Defendants note that plaintiff seeks judicial review of a decision of the Federal Subsistence Board. Therefore, defendants contend that review of this decision is governed by the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706; and that review is subject to the provisions of D. Ak. LR 16.3. Under the APA, the decision of the Board may be set aside only if it is found to be arbitrary, capricious, an abuse of

discretion, contrary to established law, or without observance of procedures required by law. Defendants contend that plaintiff can not show the presence of any of these elements. The decision of the Board is consistent with established law, procedures, applicable regulations and record before the Federal Subsistence Board. Therefore, the decision of the Board must be sustained. Defendants specifically deny that the Board's action violates any provisions of 16 U.S.C. § 3125. Further, the administrative record has not yet been certified and filed with the court, and defendants will not be made aware of all plaintiffs' contentions until plaintiff files its opening brief in this action. Therefore, defendants reserve the right, if applicable, to contend that the administrative record shows that plaintiff raise issues or claims in this action which were not previously presented to the agency and are barred for failure to exhaust administrative remedies or have been waived by the State.

4. **Discovery Plan**.

The parties anticipate no need for discovery since this action will likely be limited to an administrative record.  The administrative record is due by September 8, 2006.

5. **Pretrial Motions**.

The parties believe that local Rule 16.3 applies to this action, however, the parties believe that a staggered briefing schedule and additional time for briefing is appropriate. Therefore the parties propose the following Briefing Schedule:

    a.  Plaintiff's principal brief shall be filed not later than

45 days after the agency record is filed and served.

    b.  United States Defendants' principal brief in opposition shall be filed not later than 45 days after Plaintiff has served and filed Plaintiff's principal brief.

    c.  Intervener Defendants' principal brief in opposition shall be filed not later than 15 days after the United States Defendants' opposition is filed and served.

    d.  Plaintiff's reply shall be filed not later than 15 days after Intervener Defendants' opposition is filed and served.

    e.  Additional extensions of time may be stipulated to or sought pursuant to LR 16.3(d)(1) or (2).

6.    Other Provisions:

A.    <u>X</u>   The parties do not request a conference with the court before the entry of the scheduling order.

B.    Alternative Dispute Resolution [D.AK. LR 16.2]

    X   This matter is not considered a candidate for court-annexed alternative dispute resolution.

C.    The parties do not consent to trial before a magistrate judge.

D.    Compliance with the Disclosure Requirements of F.R.Civ.P. 7.1

    <u>X</u>   Compliance not required by any party.

7.    **Trial.**

   A. Time for Trial:  The parties do not anticipate a need

for trial and agree that it is too early to determine if oral argument would be beneficial or appropriate.

  B.  It is to early to determine if oral argument would be beneficial or appropriate. If oral argument is appropriate ½ day should be adequate for arguments.

  C.  Jury Demanded  X  No.


RESPECTFULLY SUBMITTED this 18th day of August, 2006

      DAVID W. MÁRQUEZ
      ATTORNEY GENERAL


By: s/Steven A. Daugherty
   Steven A. Daugherty
   Assistant Attorney General
   Alaska Bar No. 9406032
   1031 W. 4th Avenue, Suite 200
   Anchorage, Alaska 99501
   Ph: (907) 269-5232
   Fax: (907) 279-2834
   Email: steven_daugherty@law.state.ak.us

   Counsel for Plaintiff State of Alaska


   s/Dean K. Dunsmore (Consent)
   Dean K. Dunsmore
   Department of Justice
   Environmental and Natural Resources Div.
   801 B Street, Suite 504
   Anchorage, Alaska 99501-3657
   Ph:   (907) 271-5452
   Fax: (907) 271-5827
   Email: dean.dunsmore@usdoj.gov

   Counsel for Defendants

                                                       s/Heather R. Kendall-Miller   (Consent)
                                                       Heather R. Kendall-Miller
                                                       Native American Rights Fund
                                                       Alaska Bar No. 9211084
                                                       420 L Street, Suite 505
                                                       Anchorage, AK 99501
                                                       Ph:   (907) 276-0680
                                                       Fax: (907) 276-2466
                                                      Email: kendall@narf.org

                                                       Counsel for Intervener Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 18, 2006, a copy of the foregoing Scheduling and Planning Conference Report was served electronically on

    Dean Dunsmore (dean.dunsmore@usdoj.gov)

    Heather Kendall Miller (kendall@narf.org)


s/ Steven A. Daugherty