IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

SAFARI CLUB INTERNATIONAL, et al., )
)
                        Plaintiffs, )
)
   vs. )
)
MITCH DEMIENTIEFF, Chairman, Fed- )
eral Subsistence Board, et al., )
)
                        Defendants, )
)
   and )
)
NATIVE VILLAGE OF VENETIE TRIBAL )
GOVERNMENT, et al., )
) No. 3:98cv0414-HRH
        Defendant-Intervenors. )
)

AMENDED ORDER

Motion for Summary Judgment

    Intervenors move for summary judgment on their amended cross-claim.[1] This motion is opposed.[2] Oral argument has not been requested and is not deemed necessary.

    By order of June 12, 2006,[3] the court granted intervenors' motion for summary judgment and entered judgment on

---

   [1]    Clerk's Docket No. 258.

   [2]    Clerk's Docket Nos. 263 and 264.

   [3]    Clerk's Docket No. 269.

- 1 -

EXHIBIT 4
Page 1 of 5

deferential review." To support this argument, plaintiffs cite <u>Cargill, Inc. v. United States</u>, 173 F.3d 323 (5th Cir. 1999). There, in a footnote, the court observed that "[w]hile the functional balance and adequate staffing requirements are justiciable, they are subject to highly deferential review." <u>Id.</u> at 335-36 n.24.

This authority, coupled with the very special purpose of FACA and the very subjective, agency-specific nature of the fairly balanced membership requirement of FACA, causes the court to entertain some doubt about its earlier ruling on this subject. The decisions of the Secretaries about FACA compliance may be entitled to deference even if <u>Chevron</u> deference does not apply. This issue will be held open for further consideration if necessary. For now, the resolution of another issue is dispositive of intervenors' motion for summary judgment.

<u>Argument Two — Regional Council Submission</u>

Intervenors contend that defendants violated section 3115 of ANILCA by failing to put the proposed rule before the existing regional advisory councils for their review and recommendation. Section 3115 provides in pertinent part:

> Each regional advisory council shall be composed of residents of the region and shall have the following authority:
>
> (A) the review and evaluation of proposals for regulations, policies, management plans, and other matters relating to subsistence uses of fish and wildlife within the region[.]

16 U.S.C. § 3115(a). Intervenors argue that because section 3115 provides that regional advisory councils <u>shall</u> have the foregoing

- 12 -

EXHIBIT 4
Page 2 of 5

authority, defendants were required to put the proposed rule before the councils for their review and recommendation.  Intervenors contend that rules concerning the advisory council composition necessarily encompass matters concerning the taking of fish and wildlife on the public lands within their respective regions for subsistence use, and thus the Secretaries were required to put the proposed rule before the regional advisory councils for comment.

When this issue was raised during the comment period for the proposed rule, the Secretaries responded as follows:

> Section [3115(c)] requires the Secretaries to consider and give deference to Regional Advisory Councils' recommendations relative to the taking of fish and wildlife on public lands.  The proposed membership balance rule is not a policy or regulation addressing the taking of fish and wildlife on public lands; and therefore, is not subject to the requirements of Section [3115(c)].

69 Fed. Reg. 60,957, 60,959.  Here, defendants argue that the Secretaries correctly concluded that section 3115 did not require them to put the proposed rule to the regional advisory councils. Defendants again rely upon a portion of subsection 3115(c) that sets forth the Secretaries' responsibility as to council recommendations.  Subsection (c) provides:

> The Secretary, in performing his monitoring responsibility pursuant to section 3116 of this title and in the exercise of his closure and other administrative authority over the public lands, shall consider the report and recommendations of the regional advisory councils concerning the taking of fish and wildlife on the public lands within their respective regions for subsistence uses.

16 U.S.C. § 3115(c).

- 13 -

EXHIBIT 4
Page 3 of 5

The court concludes that the regulation at issue did not concern the "taking of fish and wildlife on public lands". Therefore, section 3115 did not require the Secretaries to submit the proposed rule as to regional council membership to the councils for their review prior to adopting the final rule.

Intervenors also contend that the Secretaries were required by <u>regulation</u>, 50 C.F.R. § 100.11(c)(1)(xii), to put the proposed rule before the regional advisory councils for comment. Section 100.11(c)(1)(xii) provides that regional advisory councils are authorized to "[p]rovide recommendations on the establishment and membership of Federal Advisory Committees."

Intervenors' reliance on 50 C.F.R. § 100.11(c)(1)(xii) is misplaced. The "Federal Advisory Committees" referred to in the regulation are those committees described in section 100.12. <u>See</u> 50 C.F.R. § 100.4. Section 100.12 describes the creation of:

> local Federal Advisory Committees within each region as necessary at such time that it is determined, after notice and hearing and consultation with the State, that the existing State fish and game advisory committees do not adequately provide advice to, and assist, the particular Regional Council....

50 C.F.R. § 100.12(a). In other words, the "federal local advisory committees" referred to in the regulation are <u>not</u> the regional advisory councils, but local committees that may be established in a region to advise and assist the regional council. Section 100.11(c)(1)(xii) does give the RACs the authority to make recommendations on federal advisory committee membership in addition to matters relating to the taking of fish and wildlife on

- 14 -

EXHIBIT 4
Page 4 of 5

Defendants shall promptly undertake further administrative proceedings consistent with the court's amended order on motion for summary judgment dated August 7, 2006.

The court retains jurisdiction over the amended complaint in intervention. Proceedings in this case are stayed pending further administrative proceedings by defendants as prescribed by this judgment. At any time and for any appropriate reason — including the court's prohibition of the implementation of the 70/30 rule for regional advisory council membership selection after 2006 — any party may petition to have these proceedings reopened.

DATED at Anchorage, Alaska, this <u>7th</u> day of August, 2006.

/s/ <u>H. Russel Holland</u><br>
United States District Judge