


FILED

FEB 27 2001

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

By _____ Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

SAFARI CLUB INTERNATIONAL, et al.,  )
                                    )
                        Plaintiffs, )
                                    )
        vs.                         )
                                    )
MITCH DEMIENTIEFF, Chairman, Fed-   )
eral Subsistence Board, et al.,     )
                                    )     No. A98-0414-CV (HRH)
                        Defendants. )
_____)

O R D E R

Motion for Partial Judgment
on the Pleadings[1]

Defendants move for a partial judgment on the pleadings. This motion is opposed.[2] Oral argument was requested and has been heard.

Facts

Plaintiffs are Safari Club International, the Alaska Chapter of Safari Club International, Alaska's Kenai Peninsula Chapter of Safari Club International, Kenai Peninsula Outdoors Coalition, Jerry Jacques, and Glenn Hunter.[3] Defendants are Mitch Demientieff,

---

[1]   Clerk's Docket No. 57.

[2]   Clerk's Docket No. 58.

[3]   Plaintiffs' counsel filed a notice of the possible death of this plaintiff. See Clerk's Docket No. 60.

- 1 -

EXHIBIT 5
Page 1 of 11

(85)

Chairman of the Federal Subsistence Board (FSB); Gale Norton, Secretary of the Interior; and Anna Veneman, Secretary of Agriculture.[4]

Plaintiffs bring this action to challenge regulations promulgated by the Secretaries of the Interior and Agriculture[5] to implement the subsistence preference established by Title VIII of the Alaska National Interest Lands Conversation Act of 1980 (ANILCA), 16 U.S.C. §§ 3111-26. ANILCA establishes a preference for customary and traditional uses of fish and wildlife by according a priority for the taking of fish and wildlife on federal public lands in Alaska for non-wasteful subsistence uses by rural Alaska residents. 16 U.S.C. §§ 3113 & 3114. In 1990, the FSB, comprised of representatives from five federal agencies, was established to implement the subsistence preference in Alaska. The FSB receives input from ten regional advisory councils, which ANILCA requires be established in each subsistence resource region. 16 U.S.C. § 3115(a). Each council is to be composed of residents of the subsistence resource region it has been designated to represent. Id.

The taking of fish and wildlife for subsistence use on federal public lands is restricted to Alaskans who are residents of rural areas or communities. 36 C.F.R. § 242.5(a). The FSB has made determinations as to which areas or communities of Alaska are rural

---

[4] The current Secretaries of Agriculture and the Interior have been substituted as parties pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure.

[5] The Secretary of the Interior regulations are found at Title 50, Code of Federal Regulations, Part 100. The Secretary of Agriculture regulations are found at Title 36, Code of Federal Regulations, Part 242.

EXHIBIT 5
Page 2 of 11

and which are not. The FSB also has the authority to make customary and traditional use determinations. 36 C.F.R. § 242.16. If the FSB has made a customary and traditional use determination for a specific resource, eligibility to take that resource may then be limited to those residents of rural areas or communities so designated, and all other individuals may be prohibited, in some manner, from taking that resource based on the limitation. 36 C.F.R. § 242.5(b).

Plaintiffs' amended complaint raises three claims: (1) Count I alleges that the FSB violated ANILCA; (2) Count II alleges that the FSB violated Section 6 of the Administrative Procedure Act (APA), 5 U.S.C. §§ 555-59, 701-06; and (3) Count III alleges that the FSB violated the Federal Advisory Committee Act (FACA), 5 U.S.C. app. 2 §§ 1-15.

Defendants previously moved for a judgment on the pleadings on the ground that plaintiffs lacked standing to bring these claims. That motion was denied.[6] Defendants now move for a partial judgment on the pleadings seeking to dismiss the portions of Count I and II of plaintiffs' amended complaint which allege that defendants have a duty under ANILCA to make positive determinations that the recommendations of regional councils are supported by substantial evidence, do not violate recognized principles of fish and wildlife conservation, and are not detrimental to the satisfaction of subsistence needs, before deciding to follow council recommendations.

---

[6] See Order re Motion for Judgment on the Pleadings (June 27, 2000), Clerk's Docket No. 49.

Defendants also move to dismiss plaintiffs' FACA claim in its entirety because it is not justiciable.

## Discussion

As a preliminary matter, the court considers plaintiffs' arguments that the instant motion is not timely. Plaintiffs first argue that this motion is prohibited under Rule 12(g), Federal Rules of Civil Procedure, which provides that:

> [i]f a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated.

Plaintiffs urge that defendants could have incorporated their current challenges into their initial motion for judgment on the pleadings and accuse defendants of using motion practice as a delay tactic. In the alternative, plaintiffs contend that defendants' present motion is brought too soon because the complete administrative record has not been filed yet. Plaintiffs assert that the parties agreed that the substantive matters in this case would not be briefed until the complete administrative record was compiled, and plaintiffs contend that it may be necessary to resort to the administrative record to determine the FSB's duty as to the advisory councils' recommendations.

The instant motion is timely. Rule 12(g) allows for the filing of motions permitted by Rule 12(h)(2), regardless of whether previous motions have been filed. Rule 12(h)(2) provides:

> A defense of failure to state a claim upon
> which relief can be granted ... may be made ...
> by motion for judgment on the pleadings....

The portion of the present motion seeking judgment on parts of Count I and II is akin to a failure to state a claim defense, which Rule 12(g) allows to be brought even if it is not brought in the first motion for judgment on the pleadings. As to Count III, defendants are asserting that this court lacks subject matter jurisdiction. Such a defense cannot be waived and may be brought at any time, regardless of what previous motions have been made.

The instant motion has not been brought too late. Nor was the instant motion brought too soon. This motion raises purely legal questions, not questions that would require review of the administrative record for resolution. Plaintiffs' concern about the motion practice in this case resulting in piecemeal litigation is valid, but defendants' instant motion raises legitimate legal questions that will have to be decided at some point. The court perceives no reason not to consider these questions now.

Turning then to the merits of the instant motion, defendants seek to dismiss paragraph 64(b) and paragraph 66(e) of the amended complaint. Paragraph 64(b) alleges that the FSB made customary and traditional use findings in violation of ANILCA because "recommendations of Regional Advisory Councils were accepted or adopted without sufficient review or evaluation and without a finding that there was sufficient or substantial evidence to support the

recommendations...."[7] Paragraph 66(e) alleges that the FSB's customary and traditional use findings were arbitrary and capricious because "[t]he FSB accepted the recommendations of the Regional Advisory Councils without exercising critical review or evaluation and without a finding that the recommendations were supported by substantial evidence, as required by ANILCA...."[8]

This portion of defendants' motion requires the court to decide a very narrow legal question of statutory construction, namely, does Section 3115(c) of ANILCA require the FSB to make findings that the regional advisory councils' customary and traditional use recommendations were supported by sufficient or substantial evidence if the FSB decides to accept or adopt the recommendations.

In interpreting a statute, the court's job is to discern congressional intent. The first step in doing so is to look to the plain language of the statute. United States v. Mohrbacher, 182 F.3d 1041, 1048 (9th Cir. 1999). When looking at the plain language of a statute, the court must consider the entire statutory scheme. Yang v. California Dep't of Soc. Servs., 183 F.3d 953, 959 (9th Cir. 1999). If the plain meaning of a statute is unambiguous, then the plain meaning controls. DeGeorge v. United States Dist. Ct. for the Central Dist. of Cal., 219 F.3d 930, 936 (9th Cir. 2000). Where a statute is silent or ambiguous and an agency interpretation is con-

---

[7] Amended Complaint at 23, ¶ 64(b), Clerk's Docket No. 29.
[8] Id. at 24, ¶ 66(e).

cerned, the court must accept the agency's interpretation if it is reasonable. <u>Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.</u>, 467 U.S. 837, 842-43 (1984).

Section 3115(c) provides that the Secretary (or the FSB to which the Secretary has delegated authority) "shall consider the report and recommendations of the regional advisory councils concerning the taking of fish and wildlife on the public lands...." 16 U.S.C. § 3115(c). Section 3115(c) further provides:

> The Secretary may choose not to follow any recommendation which he determines is not supported by substantial evidence, violates recognized principles of fish and wildlife conservation, or would be detrimental to the satisfaction of subsistence needs. If a recommendation is not adopted by the Secretary, he shall set forth the factual basis and the reasons for his decision.

The plain language of Section 3115(c) requires the Secretary or the FSB to consider recommendations of the regional advisory councils. The plain language also requires the Secretary or the FSB to set forth the factual basis and the reasons for their decision if they decide <u>not</u> to adopt a council recommendation. But the plain language of the statute does <u>not</u> require the Secretary or the FSB-- if they decide to adopt or accept a council recommendation--to express or publish their evaluation of the evidence on which the <u>recommendation</u> is based. In fact, the statute says nothing about what the Secretary or the FSB must do if they decide to adopt or accept a council recommendation. It only outlines what the Secretary or FSB must do if they decide not to follow a council recommendation.

- 7 -

EXHIBIT 5
Page 7 of 11

If the statute is silent, the court must accept the agency's interpretation of the statute if it is reasonable. The agencies here interpret the statute as not requiring the FSB to make positive findings about the substantiality of the evidence if the FSB accepts or adopts a council recommendation. This interpretation is reasonable. It is consistent with the legislative history of Section 3115(c). It does not conflict with other sections of ANILCA or any other federal law as plaintiffs suggest, and it is consistent with the agency's own rules.

Defendants' motion for judgment on the pleadings as to certain portions of Counts I and II is granted. The portion of paragraph 64(b) which alleges that the FSB violated ANILCA by failing to make findings that the regional advisory council recommendations were supported by sufficient or substantial evidence is dismissed. Similarly, the portion of paragraph 66(e) which alleges that the FSB violated the APA by failing to make findings that the regional advisory council recommendations were supported by substantial evidence as required by ANILCA is dismissed.

However, the express language of Section 3115(c) does require that the Secretary or the FSB "consider" council recommendations, which indicates that the FSB must engage in some kind of review or evaluation of council recommendations before deciding to accept or adopt a particular recommendation. For that reason, the portion of paragraph 64(b) which alleges that the FSB violated ANILCA by failing to sufficiently review or evaluate the regional advisory council recommendations and the portion of paragraph 66(e)

which alleges that the FSB violated the APA by failing to critically review or evaluate the regional advisory council recommendations are not dismissed.

The court would make clear at this time that it will not apply the law of the case doctrine to any of the above rulings on the interpretation of Section 3115(c). Defendants' instant motion addresses a very narrow legal question and does not address the much broader questions that are at the heart of this litigation, in particular the question of how the FSB carries out its duties or conducts its business and this court's APA review of FSB decisions. When the time comes for the court to consider the broader issues of this case, the court may want to reconsider its decision on the very narrow legal issue presented in the instant motion and reserves the right to do so.

Defendants also move for a judgment on the pleadings dismissing plaintiffs' FACA claim in its entirety, arguing that this claim is not justiciable. Although plaintiffs allege several violations of FACA in Count III, defendants focus only on plaintiffs' fairly balanced FACA claim.

FACA calls for advisory committees to have memberships that are "fairly balanced in terms of the points of view represented and the functions to be performed...." 5 U.S.C. app. 2 § 5(b)(2). Section 5 further provides that "[t]o the extent they are applicable, the guidelines set out in subsection (b) of this section shall be followed by the President, agency heads or other Federal officials in creating an advisory committee." 5 U.S.C. app. 2 § 5(c).

FACA makes no provision for judicial review. Therefore, any review of agency action involving FACA is governed by the APA. Under the APA, agency action is not subject to judicial review, or is not justiciable, if such action "is committed to agency discretion by law." 5 U.S.C. § 701. An action is "committed to agency discretion by law" when Congress has provided "no meaningful standard against which to judge the agency's exercise of discretion." Heckler v. Chaney, 470 U.S. 821, 830 (1985).

Defendants argue that FACA provides no meaningful standards against which to judge the agency's selection of members of an advisory committee. Several courts agree with defendants and have held that a fairly balanced FACA claim is not justiciable. See Public Citizen v. National Advisory Comm. on Microbiological Criteria for Foods, 886 F.2d 419 (D.C. Cir. 1989); Sanchez v. Pena, 17 F.Supp.2d 1235, 1238 (D.N.M. 1998); Fertilizer Inst. v. EPA, 938 F.Supp. 52, 54 (D.D.C. 1996); Doe v. Shalala, 862 F.Supp. 1421, 1430 (D. Md. 1994); Public Citizen v. HHS, 795 F.Supp. 1212, 1222 (D.D.C. 1992); Metcalf v. National Petroleum Council, 553 F.2d 176, 190 (D.C. Cir. 1976).

On the other hand, as plaintiffs point out, other courts have found a FACA fairly balanced claim to be justiciable. See Cargill, Inc. v. United States, 173 F.3d 323, 335 (5th Cir. 1999), and Alabama-Tombigbee Rivers Coalition v. Dep't of the Interior, 26 F.3d 1103 (11th Cir. 1994).

To the extent that there are standards by which to judge agency action, this court can review agency action. In the instant

case, although FACA may not provide any standards by which to review agency action, ANILCA does provide some standards against which to judge the agency's appointment of regional advisory council members. ANILCA requires that a council member be a resident of the region in which he is appointed. 16 U.S.C. § 3115(a). ANILCA regulations further require that "[a] Regional Council member must be ... knowledgeable about the region and subsistence uses of the public lands therein." 36 C.F.R. § 242.11(b)(1). These are standards against which the court could review the agency's exercise of its discretion in appointing council members. Plaintiffs' fairly balanced FACA claim is justiciable, and defendants are not entitled to judgment on the pleadings dismissing plaintiffs' Count III in its entirety.

### Conclusion

Defendants' motion for judgment on the pleadings is granted in part and denied in part. The portions of paragraphs 64(b) and 66(e) of plaintiffs' amended complaint which allege that the FSB, when adopting a regional advisory council's recommendation, must make positive findings that the recommendation is supported by sufficient or substantial evidence are dismissed with the qualification noted above.

DATED at Anchorage, Alaska, this **26** day of February, 2001.

A98-0414--CV (HRH)

B. COLE
D. DUNSMORE (AUSA)

H. Russel Holland, Judge
District of Alaska