IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

SAFARI CLUB INTERNATIONAL, et al., )
)
                Plaintiffs, )
)
vs. )
)
MITCH DEMIENTIEFF, Chairman, Fed- )
eral Subsistence Board, et al., )
)
                Defendants, )
)
      and )
)
NATIVE VILLAGE OF VENETIE TRIBAL )
GOVERNMENT, et al., )
)    No. 3:98cv0414-HRH
        Defendant-Intervenors. )
_____)

AMENDED ORDER

Motion for Summary Judgment

     Intervenors move for summary judgment on their amended cross-claim.[1] This motion is opposed.[2] Oral argument has not been requested and is not deemed necessary.

     By order of June 12, 2006,[3] the court granted intervenors' motion for summary judgment and entered judgment on

---

    [1]    Clerk's Docket No. 258.

    [2]    Clerk's Docket Nos. 263 and 264.

    [3]    Clerk's Docket No. 269.

- 1 -

Exhibit E
Page 1 of 7

analysis of what constitutes a fair balance, should have begun with an examination of the functions to be performed by the regional advisory councils and then proceeded to consider a cross-section of those directly affected, interested, and qualified, as appropriate to the nature and function of the councils. Because the administrative record is devoid of any evidence that defendants took these necessary steps, intervenors argue that defendants' adoption of the final rule was arbitrary and capricious.

The FACA regulation cited by intervenors has no application here. That regulation applies to the establishment of <u>discretionary</u> advisory councils. A <u>discretionary</u> advisory council is (1) a council that is authorized by Congress but the President or the agency is not directed to establish the council, or (2) a council that is established by an agency under general authority in Title 5 of the United States Code or under other general agency-authorizing statutes. 41 C.F.R. § 102.3.50(c)-(d). Here, the regional advisory councils are authorized by Congress and the Secretaries are directed to establish the regional advisory councils, which makes them non-discretionary advisory councils. <u>See id.</u> at § 102.3.50(a).

      b.    Defendants failed to consider whether a fair balance of views could be achieved by alternatives to a quota system of <u>single-interest representation</u>

Intervenors contend that defendants' adoption of the final rule was arbitrary and capricious because defendants failed to consider any alternatives to the 70/30, single-interest representation structure. "Agency actions cannot be sustained

- 26 -

where the agency has failed to consider significant alternatives." Mt. Diablo Hospital v. Shalala, 3 F.3d 1226, 1232 (9th Cir. 1993). Intervenors argue that the record in this case is completely devoid of any evidence that defendants considered whether a fair balance could be achieved by some alternative other than the 70/30, single-interest representation structure.

Although defendants entitle a two-page section of their brief "Consideration of Alternatives,"[33] nowhere in these two pages do defendants outline what alternatives they considered. Perhaps this is because defendants do not believe that they were required to consider significant alternatives. In the course of their arguments on motion for reconsideration, defendants discuss the rule-making process as outlined in 5 U.S.C. § 553. Defendants point out that nowhere does Section 553 say that the agency must consider significant alternatives. Indeed, there is no such statutory requirement. Nevertheless, the rule-making process may be flawed because the agency has failed to consider relevant factors and to articulate a rational connection between facts found and choices made.

Having reviewed the administrative record that has been certified to the court and upon which the final rule depends for validity, the court can find no evidence to suggest that defendants considered any means for achieving fairly balanced, regional advisory councils other than the 70/30, single-interest

---

[33] Defendants' Opposition to Intervenors' Memorandum on Amended Cross-Claim at 26, Clerk's Docket No. 263.

- 27 -

Exhibit E

representation structure. Given the history of the regional advisory council make-up, and the long history of antagonism between competing groups, defendants should have at least considered ways to get the necessary balance without going to a scheme that brings the confrontation between subsistence users and commercial users into such stark focus. In short, the certified administrative record fails to demonstrate that defendants gave meaningful consideration to alternatives to the 70/30 structure.

As conceded above, defendants did respond to public comments, and some of those comments did suggest alternatives to the 70/30 structure. For example, the Eastern Interior RAC suggested that RAC "applicants be able to provide a percentage breakdown of their activity and type of user group" and that the membership composition "be achieved by combining the percentages of each Council applicant rating."[34] In the "Comment and Response" section of the final rule, defendants acknowledged that this alternative had been suggested and gave the following response:

> We recognize that there are and have been individuals serving on the Councils who may participate in many types of uses (subsistence, sport and commercial) and are knowledgeable about the different interests. However, we are required by FACA to demonstrate that the Regional Advisory Councils continue to be fairly balanced in terms of points of view represented and the functions to be performed by the Council. Consequently, we have requested that people applying for Council seats declare their primary interest because it is the individual

---

[34] Administrative Record for Final Rule, Vol. 3, Tab 21, at 3031-32.

have been selected in a fashion not aimed at achieving a fair balance of views on the councils. Based upon Paulsen v. Daniels, 413 F.3d 999, 1008 (9th Cir. 2005), plaintiffs and defendants argue that equity may sometimes require that an invalid rule stay in place while the rule-making process is reexamined by defendants.

On reconsideration, and in consideration of defendants' motion to amend judgment, the court concludes that defendants' concerns are well-founded. If the 70/30 rule is voided, and defendants enjoined from further implementing it, RAC members will have to be selected pursuant to 36 C.F.R. § 242.11(b) and 50 C.F.R. § 100.11(b) as they existed before adoption of the final rule. Those regulations did not meet FACA requirements. In its order of January 16, 2004, the court held that:

> In light of the national policies of ANILCA and the functions served by regional advisory councils, a council comprised of only subsistence users is not fairly balanced.[39]

Thus, the court's June 12, 2006, order and its judgment thereon place defendants between a rock and a hard place.

The court has not concluded that the 70/30 rule for RAC membership is contrary to law. The court's holding is that defendants have not submitted to the court an administrative record that provides a rationale for that rule. The court concludes that it would be manifestly unjust to require defendants to remain in violation of FACA rather than continuing the RAC member selection process under the 70/30 rule. Again, the 70/30 rule is not

---

[39] Order re Motions for Summary Judgment at 57, Clerk's Docket No. 208.

contrary to law; it simply has not been adequately justified at this point.

### Conclusion

Intervenors' motion for summary judgment on their amended cross-claim is granted. Although not void as a matter of law, the final rule adopted by the defendants for selection of RAC members in compliance with FACA is arbitrary and capricious because the record underlying the adoption of that rule fails to provide a rationale for the adoption of the rule. To the extent not granted by the terms of this order, intervenors' motion is denied.

The clerk of court shall enter an amended judgment in favor of intervenors and against defendants as follows:

> The court declares that the final rule that imposed a 70/30 membership structure for the regional advisory councils is arbitrary and capricious for lack of an administrative record providing the rationale for the adoption of that final rule. However, defendants may employ the 70/30 rule for the 2006 year vacancies. As to vacancies occurring after calendar year 2006, defendants and all others acting in concert with them are enjoined and restrained from further implementation of the 70/30 final rule and regional advisory council charter provisions based thereon.

Defendants shall promptly undertake further administrative proceedings consistent with the court's amended order on motion for summary judgment dated August 7, 2006.

The court retains jurisdiction over the amended complaint in intervention. Proceedings in this case are stayed pending further administrative proceedings by defendants as prescribed by this judgment. At any time and for any appropriate reason — including the court's prohibition of the implementation of the 70/30 rule for regional advisory council membership selection after 2006 — any party may petition to have these proceedings reopened.

DATED at Anchorage, Alaska, this 7th day of August, 2006.

/s/ H. Russel Holland
United States District Judge